## OWENS v. OLIVER CORP.

No. 13943.

United States Court of Appeals
Fifth Circuit.

June 27, 1952.

Jack Crenshaw, Montgomery, Ala., for appellants.

Fred S. Ball, Jr., Montgomery, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Plaintiffs below appeal from an adverse judgment in a suit to recover damages for alleged breach of contract by defendant below, appellee here.

In the sale and distribution of tractors manufactured by it, the appellee Oliver

Corporation uses two types of local dealer contracts, one authorizing sales for "agricultural" use, the other authorizing sales for "industrial" use. The two types of sales agencies are usually held by different persons. The use for which the tractor is sold determines which type of dealer may sell it. In doubtful cases, or cases in which the tractor is used for more than one purpose, the principal use to which it is to be put determines its classification. All sales to political bodies are classified by the contract as "industrial," except sales to public institutions for agricultural use, which are "agricultural" sales.

Plaintiffs' dealer contract authorizes them to sell tractors "for agricultural use only," in Montgomery, Alabama, and its vicinity. The Forestry Division of the Alabama Conservation Department, the primary function of which is the conservation and development of forests, desired to purchase fourteen tractors primarily for the purpose of building fire lanes, or fire breaks, around growing timber in order to protect it from forest fires.

Appellants had previously sold the State one such tractor without objection, but when they undertook to sell the fourteen here in question, appellee advised appellants that this was an "industrial" sale, not within appellants' "agricultural" contract; and moreover, it was not a local sale within the purview of plaintiffs' contract as a local dealer, but one to the State for general use throughout the State, which fell within the provision of the dealer's contract that "Oliver reserves the right to sell directly to Federal, State or local governments, and departments thereof * * *, without any rights accruing to dealer by reason of such sale." Accordingly, appellants were denied, and an "industrial" dealer was accorded, the right to make the sale. This suit was brought to recover the profits of which appellants assert they were thus wrongfully deprived. The trial court instructed a verdict for defendant below, appellee here.

■ It may be conceded that the cultivation of trees is an agricultural pursuit, and that tractors used for that purpose are devoted to "agricultural use." Compare United States v. Turner Turpentine Co., 5 Cir., 111 F.2d 400. But these tractors are to be used neither to plant, cultivate, harvest nor market an agricultural crop or product. They are to be used by the State for fire protection and control, including not only the protection of forests, but any other property which might be menaced by forest fires. Seven of them are also specially equipped for logging operations. The testimony is that the tractors could, and would, be used to run a fire break around a home, barn, factory or any other property threatened by forest fires, as well as to protect tree farms and forests. Thus, their function is fire fighting, not farming. They serve only to protect forests and other property against an extraneous hazard,— one not peculiar to agriculture alone, but common to all forms of property and productive activity. Their function is broadly comparable to that of a fire truck, except that the tractors protect rural instead of urban property, using methods specially adapted to that type of property. This protective function, while desirable, is not indispensable to the production or marketing of a crop. It is a purely auxiliary public service, furnished by the State as a governmental function. Tractors used as these are not for "agricultural use only," within the meaning of this contract, even though their principal use is to protect tree farms and other timber. The cases relied upon by appellants are not to the contrary.

■ Moreover, appellants were local dealers, authorized to sell tractors only in Montgomery and vicinity. The sale in question was not a local sale, but one to the State, which bought the tractors for use throughout the State. Being a sale to the State, it was within the contract provision reserving the right to Oliver to sell directly to Federal, State or local governments.

■ The fact that this sale was made, not by the Oliver Corporation directly to the State, but through an agent who was an "industrial" dealer, does not alter the situation. As Oliver had reserved the right to make such sales, appellants can not complain of the manner in which the right was exercised by Oliver.

As there was no substantial conflict in the evidence on the use for which these tractors were sold, the trial court properly directed a verdict for defendant below.

Affirmed.